UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

ANTHONY MONEYHAM.

No. 15 C 5565
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Anthony Moneyham seeks a § 2255 motion to correct or vacate the sentence of 128 months in prison, a sentence I imposed upon him on January 16, 2013. He pled guilty to distribution of heroin.[1]

Defendant argues that his guilty plea was neither knowing nor voluntary, that I relied on an incorrect PSR without resolving a factual dispute, that standby defense counsel was ineffective by failing to argue that some admitted additional drugs were not relevant conduct, and his defense attorney filed a brief invoking the Anders rule.

The Guidelines range was 110 to 137 months in prison, and I imposed a sentence of 128 months. The Anders brief was complete (about 45 pages). The Federal Defender was correct in concluding that there were no non-frivolous claims on Defendant's appeal. The Court of Appeals dismissed the appeal and allowed defense counsel to withdraw from the case. The case was over on July 2, 2014. Shortly before a year expired (June 22, 2015), the defendant sought relief under Section 2255.

When a case has gone under appeal and issues decided, there is no right for the defendant to raise the issues decided in a Section 2255 motion. One of the claims made by Defendant was

---

[1] Although the Government was late in filing its response beyond the deadline, I do not grant the request for default filed by Defendant. There is no prejudice to Defendant for a few months delay in responding to the Section 2255 motion. This is so because the Section 2255 motion does not prevail on any of Defendant's claims. So the motion for default judgment is denied.

that his plea of guilty was because of his lack of knowledge that there was a mandatory minimum sentence in his case and he was not aware of this. There was no invocation of a mandatory minimum at the plea, and the Court of Appeals explained that no mandatory minimum did apply. The fact that I did believe, mistakenly, that such a minimum did exist does not help Defendant because the Court of Appeals correctly noted the absence of a mandatory minimum. I note that there was no benefit to Defendant even if there was a mandatory minimum. There was no chance that Defendant would be sentenced to the minimum of 60 months. The sentence I imposed was about double that minimum.

Another claim was a challenge that the drug quantity noted in the PSR was inaccurate, and that claim was rejected in the appeal process. To the extent that the theory of Defendant's claim is new and different, Defendant is nonetheless unable to pursue the new claim because it could have been raised on appeal.

There are complaints about defense counsel, but Defendant fired his lawyer and clearly chose to represent himself at sentencing. Defendant's errors are not grounds to seek relief from his sentence and the judgment against him. It is also clear from the Anders brief that standby counsel did what he could to challenge the government's arguments. The work of the Anders counsel establishes that Defendant could not succeed in any challenge to the sentence or the sentencing hearing.

The Court denies Defendant's Section 2255 motion and dismisses his pleading.

ENTER:

James B. Zagel
United States District Judge

DATE: January 19, 2016